IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

        v.                      Criminal No. 93-60007-01

RONNIE E. PRESCOTT                                    DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Ronnie E. Prescott, an inmate at the Federal Medical Center, Fort Worth, Texas, has filed a motion for relief from judgment or order pursuant to *Federal Rules of Civil Procedure, Rule 60(b)(6)*. (Doc. #261)  For the reasons set forth below I recommend that the motion be dismissed.

### Procedural and Factual Background:

On November 29, 1993, Movant was sentenced to three hundred sixty months (360) months imprisonment after being convicted of four (4) counts of distributing amphetamine in violation of *21 U.S.C. § 841(a)(1)*, two (2) counts of conspiracy to manufacture amphetamine in violation of *21 U.S.C. §§ 841(a)(1)* and *846*, one (1) count of manufacturing amphetamine in violation of *21 U.S.C. § 841(a)(1)* and *18 U.S.C. § 2*, and one (1) count of money laundering in violation of *18 U.S.C. § 1956(a)(1)(B)(I)* and *(2)*. (Doc. #92)

On direct appeal, Movant challenged the sufficiency of the evidence to support his conviction.  Movant's conviction was affirmed however on August 25, 1994.  *United States v. Prescott*, 33 F.3d 922 (8th Cir. 1994).  (Doc. #134)

On April 9, 1997, Movant filed a motion under *28 U.S.C. § 2255*, to vacate, set aside or correct his sentence.

By judgment entered on January 7, 1998, the *§ 2255* motion was dismissed. (Doc. #220) A certificate of appealability was denied by this court (Doc. #229), by the United States Court of Appeals for the Eighth Circuit and Movant's appeal was dismissed. (Doc. #241)

On January 20, 2006, Movant filed the pending motion pursuant to *Fed. R. Civ. P., Rule 60(b)*, and brief in support." (Doc. #261)

**Discussion:**

The United States Court of Appeals for the Eighth Circuit has stated:

> In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

*Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) In this case, Movant has filed a *Rule 60(b)* motion following the denial of his *§ 2255* motion. Accordingly, this report and recommendation constitutes the "brief initial inquiry" mandated by the court of appeals. *Id.*

*28 U.S.C. § 2255* provides that a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals ...." *28 U.S.C. § 2244(b)(3)(A)* provides that before a "second or successive" *§ 2254* or *§ 2255* motion can be filed, "the appropriate court of appeals" must authorize the district court to consider the motion. *28*

U.S.C. § 2244(b)(3)(A); *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002). Further, "It is well-established that inmates may not bypass the authorization requirement of *28 U.S.C. § 2244(b)(3)* for filing a second or successive *§ 2254* or *§ 2255* action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). This prohibition includes an attempt to bypass the requirements of *§ 2255* and *§ 2244(b)(3)(A)* by means of a motion pursuant to *Fed. R. Civ. P., Rule 60(b).* *Boyd v. United States*, 304 F.3d at 814.

A motion is deemed successive if it asserts "new claims of error" in a conviction or sentence. *Tyler v. Purkett*, 413 F.3d 696, 701 (8th Cir. 2005) (citing *Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 2647, 2648 n. 4, 2651, 162 L.Ed.2d 480 (2005)); *see also United States v. Matlock*, 107 F. App'x 697, 698 (8th Cir. 2004)(if a Rule 60(b) motion raises issues that were raised or could have been raised in a previous *§ 2255* motion, the *Rule 60(b)* motion is a successive *§ 2255* motion).

In his pending motion Movant cites *United States v. Apprendi*, 530 U.S. 466 (2000); *United States v. Blakely*, 542 U.S. 296 (2004); and, *United States v. Booker*, 125 S.Ct. 738, 769 (2005), in asserting that his "Sixth Amendment right to a jury trial was violated in this case ...[in that]... his sentence was increased based upon findings made by the judge at sentencing, using a preponderance of the evidence standard." (Doc. #261 p. 9) Acknowledging that he was sentenced before *Apprendi*, *Blakely* and *Booker* were decided, Movant argues that these cases should be applied retroactively. (Doc,. #261, p. 10)

In asserting this claim, Movant clearly asserts a new claim of error with respect to his sentencing. Accordingly, the pending *Rule 60(b)* motion constitutes a second and successive *§ 2255* motion and an attempt to bypass the authorization requirement of *§ 2255* and *§ 2244(b)(3)(A).*

3

AO72A
(Rev. 8/82)

Since Movant has not obtained the permission of the United States Court of Appeals to file a second and successive *§ 2255* motion, the pending motion must be dismissed. 28 U.S.C. § 2255 *para. 8*; *Boyd v. United States*, 304 F.3d at 814.

As to Movant's contention that *Apprendi, Blakely* and *Booker* should be given retroactive application, he will be free to assert such claim before the court of appeals as part of his effort to obtain permission to file a successive *§ 2255* motion.[1]

**Conclusion:**

Based upon the foregoing analysis we conclude that the pending *Rule 60(b)* motion constitutes an unauthorized successive *§ 2255* motion and we recommend that it be dismissed.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 17th day of April 2006.

*/s/ Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

---

[1]We point out that in seeking such permission, Movant will be required to show that his claim is supported by "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *28 § 2255. Apprendi, Blakely*, and *Booker* have not been made retroactive to cases on collateral review by the Supreme Court and our court of appeals has concluded that they do not have such effect. *Lenford Never Misses a Shot v. United States*, 413 F.3d 781,783-84 (2005)(*Booker*); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001)(*Apprendi*); *United States v. Stolz*, 2005 WL 2484417 (8th Cir. 2005)(*Blakely*).

AO72A
(Rev. 8/82)